OSCN Found Document:IN RE AMENDMENT OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE AMENDMENT OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW
2014 OK 94
Decided: 11/10/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 94, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

In re: Amendment of the Rules Governing Admission to the Practice of Law in the State of Oklahoma.

ORDER

¶1 The Rules Governing Admission to the Practice of Law in the State of Oklahoma, attached hereto, are hereby amended, effective immediately.

¶2 These rules shall be codified as Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S. Supp. 2014, Ch. 1, App 5.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10th DAY OF NOVEMBER, 2014.

/S/CHIEF JUSTICE

COLBERT, C.J., REIF, V.C.J., WATT, COMBS, GURICH, JJ. - CONCUR

KAUGER, WINCHESTER, EDMONDSON, TAYLOR, JJ. - CONCUR IN PART; DISSENT IN PART

TAYLOR, J., with whom KAUGER, WINCHESTER, EDMONDSON, JJ. join,
CONCURRING IN PART, DISSENTING IN PART:

"I dissent to the Amendments to Sections 5 & 6 under Rule 2."

 

 

Rules Governing Admission
to the Practice Of Law
in the State of Oklahoma

Adopted and Promulgated by the Supreme Court of Oklahoma in Revised Form on the 10th day of November, 2014. 

PREAMBLE

Applicant's Duty Of Candor

Each applicant for admission to the bar has a duty to be candid and to make full, careful and accurate responses and disclosures in all phases of the application and admission process. Each applicant must respond fully to all inquiries. It is not proper for an applicant to give either a highly selective or sketchy description of past events reflecting on the applicant's qualifications for admission to the bar. An applicant who violates this duty may be denied admission to the bar.

RULE ONE

The Board of Bar Examiners is charged with recommending applicants for admission to the practice of law in the State of Oklahoma. The Court is not bound by the recommendations of the Board and may take any such action as it deems appropriate.

To be admitted to the practice of law in the State of Oklahoma, the applicant:

Section 1. shall have good moral character, due respect for the law, and fitness to practice law;

Section 2. shall be at least 18 years of age;

Section 3. shall have met all the conditions and requirements hereinafter set forth which may be applicable;

Section 4. shall take the following oath and file the same with the Clerk of the Supreme Court:

"I do solemnly swear that I will support, protect and defend the Constitution of the United States, and the Constitution of the State of Oklahoma; that I will do no falsehood, or consent that any be done in court, and if I know of any I will give knowledge thereof to the judges of the court, or some one of them, that it may be reformed; I will not wittingly, willingly or knowingly promote, sue, or procure to be sued, any false or unlawful suit, or give aid or consent to the same; I will delay no person for lucre or malice, but will act in the office of attorney in all courts according to my best learning and discretion with all good fidelity as well to the court as to my client, so help me God."

Section 5. shall have signed the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant, in writing, the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant.

RULE TWO

Admission Upon Motion
Without Examination

For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards.

The following persons, when found by the Board of Bar Examiners to be qualified under Section 1 and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:

Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status in a reciprocal state, and have engaged in the actual and continuous practice of law in a reciprocal state for at least five of the seven years immediately preceding application for admission under this Rule. The years of practice earned in multiple reciprocal jurisdictions cannot be combined.

For the purposes of this section, "practice of law" shall mean:

a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal jurisdiction in which that practice occurred;

b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal jurisdiction in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying, or presenting cases before courts, executive departments, administrative bureaus, or agencies;

c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section 1(b) above;

d) Employment as a judge, magistrate, referee, or similar official for the federal, state, or local government (including a territory, district, commonwealth or possession of the United States), provided that such employment is available only to attorneys;

e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or

f) Any combination of the above.

The period of the "practice of law" as defined above in subparagraphs 1(a) and through 1(b) (f) shall have occurred outside the State of Oklahoma in a reciprocal state. Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination without having later passed such examination.

An attorney practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience were acquired in Oklahoma.

Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.

Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.

Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other jurisdictions and to secure for Oklahoma judges and lawyers like privileges. If the former jurisdiction of the applicant does not grant to Oklahoma judges and lawyers the right of admission on motion, then this Rule shall not apply and the applicant must, before being admitted to practice in Oklahoma, comply with the provisions of Rule Four. If the former jurisdiction of the applicant permits the admission of Oklahoma judges and lawyers upon motion but the Rules are more stringent and exacting and contain other limitations, restrictions or conditions of admission and the fees required to be paid are higher, the admission of applicant shall be governed by the same Rules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former jurisdiction. If the applicant's actual and continuous practice for the past five of seven years is from a nonreciprocal jurisdiction that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former jurisdiction will not be considered, and any professional experience from a nonreciprocal jurisdiction cannot be combined with the professional experience from a reciprocal jurisdiction to meet the requisite five of seven years of actual and continuous practice.

Section 5. Any person who is admitted to the practice of law in a reciprocal state who becomes a resident of Oklahoma to accept or continue employment by a person, firm, association or corporation engaged in business in Oklahoma other than the practice of law, whose full time job is, or will be, devoted to the business of such employer, and who receives, or will receive, his or her entire compensation from such employer for applicant's legal services, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, if the applicant would be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court, and so long as such person remains in the employ of, and devotes his or her full time to the business of, and receives compensation for legal services from no other source than applicant's said employer. Upon the termination of such employment or transfer outside the State of Oklahoma, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to practice law in this state pursuant to some other rule.

The application must comply with Section 2 of Rule Two and be accompanied by a certificate from the clerk of the highest appellate court of the state in which the applicant last practiced, showing that applicant has been admitted, and is a member in good standing of the bar of that state; and a certificate from the employer of such applicant showing applicant's employment by such employer and that applicant's full time employment will be by such employer in Oklahoma. The Special Temporary Permit shall recite that it is issued under this Rule, and shall briefly contain the contents thereof. Such Special Temporary Permit shall be subject to Rule Ten of these Rules. An attorney practicing in Oklahoma under a Special Temporary Permit cannot gain admission via Rule Two, Section 2, Admission Upon Motion, if any of the five of the seven years immediately preceding of actual and continuous practice experience were acquired in Oklahoma under a Special Temporary Permit. 

Section 6. A person who is admitted to the practice of law in another state, and who is employed as a law professor at an Oklahoma law school accredited by the American Bar Association, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, while such person is so employed and devotes his or her full time to the teaching of law in such employment. The practice of law under such Special Temporary Permit shall be limited to assisting attorneys licensed in Oklahoma participating in a law school clinical program as a consulting or testifying expert, representing clients only in a law school clinical program, or providing pro bono services through the law school clinical program. Upon the termination of such employment, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to the practice of law in this state pursuant to some other rule.

The applicant must comply Compliance with Section 2 of Rule Two is not required, but and the application must be accompanied by a certificate from the clerk of the highest appellate court of the state in which applicant last practiced showing that the applicant has been admitted and is a member in good standing of the bar of that state; and a certificate from the Dean or Registrar of that law school employing such applicant, showing the date of the applicant's employment, the terms of such employment, and the applicant's professorial rank. Such Special Temporary Permit shall be subject to Rule Ten of these Rules. A law professor practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience was acquired in Oklahoma under said Special Temporary Permit.

RULE THREE

Examination Compulsory

No person other than those referred to in Rule Two shall be admitted to the practice of law in this state except upon recommendation of the Board of Bar Examiners obtained after such person shall have successfully taken the examination in writing, or as otherwise prescribed. Only those persons possessing the qualifications and fulfilling the conditions hereinafter prescribed shall be permitted to take an examination for admission to the practice of law in the State of Oklahoma.

RULE FOUR

Admission By Examination

Section 1. When examination of an attorney of another jurisdiction is required of one who is not eligible for admission upon motion as provided in Rule Two hereof, such attorney may be permitted by the Board of Bar Examiners to take an examination prescribed in Rule Five upon meeting the requirements of this Rule, except that such attorney shall not be required to register as a law student. However, such attorney shall be required to provide at his or her own expense a report by the National Conference of Bar Examiners.

Section 2. No person shall be entitled to take an examination for admission to practice law in this state unless such person shall have been registered as a law student filing the verified application for registration by the 15th day of October of the student's second year of law school on forms prescribed by the Board of Bar Examiners setting forth such information as the Board requires including:

(a) Certificate of graduation with a Bachelor of Arts or Science degree (with a minimum of 120 college hours, at least 90 hours representing resident study) from a college whose credit hours are transferable to the University of Oklahoma, Oklahoma City University or University of Tulsa with transcript attached of undergraduate college work;

(b) Two (2) sets of fingerprints which may be submitted to both the Oklahoma State Bureau of Investigation and the Federal Bureau of Investigation for appropriate record reviews.

(c) Recent photograph.

(d) NCBE Student Application Report for Character and Fitness at his or her own expense.

The Board may, in its discretion, register nunc pro tunc students who have been enrolled in a law school accredited by the American Bar Association upon compliance with all applicable rules herein.

The application provided by this section shall be valid for a period of ten (10) years. In the event the applicant has not activated the application within this ten (10) year period, the application will no longer be valid and the file containing the application and required information will be destroyed.

Section 3. Application to take a bar exam shall be filed at least six months prior to the date of examination on forms prescribed by the Board of Bar Examiners setting forth such information as the Board requires. Such application shall contain proof of law school study with a certified transcript attached and a certificate of the law school dean or associate dean that the applicant has met the requirements for graduation with a Juris Doctor degree from a law school in the United States of America, its territories and possessions, accredited by the American Bar Association.

A person who matriculates at a law school which was accredited when applicant enrolled therein, and who completes the course of study and is graduated therefrom, shall be deemed a graduate of an accredited law school, even though the school's accreditation was withdrawn while the applicant was enrolled therein.

No applicant may be admitted by examination until he or she shall furnish evidence that a score satisfactory to the Board of Bar Examiners on the Multistate Professional Responsibility Examination has been attained.

Admission must be effected within one year after the date the applicant successfully completes the bar examination unless extended by the Board of Bar Examiners.

RULE FIVE 

Examination

All applicants for admission by examination who shall have attained a grade of at least 75% in the subject of Oklahoma Rules of Professional Conduct and who shall attain an average grade of at least 75% on the examination given by the Board of Bar Examiners covering The Multistate Bar Examination (MBE) and combinations of the subjects hereinafter specified, and who are otherwise qualified under these Rules, shall be recommended by the Board of Bar Examiners for admission to the practice of law in this state.

Any applicant who is otherwise qualified to be recommended for admission to the Bar except by reason of failure to pass satisfactorily the section of the Oklahoma Bar Examination in concerning the Oklahoma Rules of Professional Conduct shall be eligible for re-examination in the subject Oklahoma Rules of Professional Conduct. Such re-examination shall be conducted by the Board at a time and place to be fixed by the Board and may be written or oral or both. If, upon such re-examination, the applicant receives a satisfactory grade in the subject Oklahoma Rules of Professional Conduct and is found by the Board to have continued otherwise qualified to be recommended for admission to the Bar, such applicant shall thereupon be so recommended. Any applicant who fails to receive a satisfactory grade upon such re-examination shall be required to reapply for permission to take a further examination on concerning the Oklahoma Rules of Professional Conduct, which may be given at the discretion of the Board.

The examination shall cover combinations of the following subjects:

1. Oklahoma Rules of Professional Conduct

2. Commercial Law, which may include:
(a) Contracts
(b) Uniform Commercial Code
(c) Consumer Law
(d) Creditor's rights, including bankruptcy

3. Property

4. Procedural Law, which may include:
(a) Pleadings
(b) Practice
(c) Evidence
(d) Remedies (damages, restitution and equity)

5. Criminal Law

6. Business Associations, which may include:
(a) Agency
(b) Partnerships (including joint ventures)
(c) Corporations
(d) Limited Liability Companies

7. Constitutional and Administrative Law

8. Torts

9. Intestate Succession, wills, trusts, estate planning, which may include federal estate and gift taxation

10. Conflicts of Law

11. Family Law

There shall be held two bar examinations each year, at dates, times, places and duration to be prescribed by the Board of Bar Examiners.

RULE SIX

Additional Examinations

In the event of the failure of an applicant to pass any examination, such applicant, if otherwise qualified under these Rules, may be permitted to take any number of subsequent examinations upon filing an additional application with the Board of Bar Examiners proving continued good moral character and fitness to practice law. The application shall be filed by May 15 for the July examination and by December 15 for the February examination.

RULE SEVEN

Fees

The following non-refundable fees shall be paid to the Board of Bar Examiners at the time of filing of the application:

(a) Registration:
Regular . . . . . . . . . . . . $125
Nunc Pro Tunc . . . . . . . $500

(b) By each applicant for admission upon motion: the sum of $1,500.

(c) By each applicant for admission by examination under Rule Four, §1:

FEBRUARY BAR EXAM
Application filed on or before:
1 September . . . . .$1,000
1 October . . . . . . .$1,050
1 November . . . . .$1,150

JULY BAR EXAM
Application filed on or before:
1 February . . . . . .$1,000
1 March . . . . . . . $1,050
1 April . . . . . . . .$1,150

(d) By each applicant for a Special Temporary Permit under Rule Two, §5: the sum of $750.

(e) By each applicant for admission by a Special Temporary Permit under Rule Two, §6: the sum of $100.

(f) By each applicant for a Temporary Permit under Rule Nine: $150.

(g) By each applicant for admission by examination other than those under subparagraph (c) hereof:

FEBRUARY BAR EXAM
Application filed on or before:
1 September . . . . .$300
1 October . . . . . . $350
1 November . . . . . $450

JULY BAR EXAM
Application filed on or before:
1 February . . . . . . $300
1 March . . . . . . . $350
1 April . . . . . . . . $450

RULE EIGHT

Request For List Of Individual Grades

Any applicant who has failed the bar examination may, upon request, obtain from the Board of Bar Examiners a list showing the grades which were awarded on each essay question given in said examination and copies of applicant's answers to essay questions. The applicant shall pay a $75 processing fee payable to the Board of Bar Examiners. The written request must be made within thirty (30) days following the announcement of results of the examination. Applicants who have passed the bar examination may not obtain copies of their answers to the essay questions.

RULE NINE

Temporary Permits

Temporary permits to practice law until the conclusion of the next succeeding bar examination and report of the results thereof may be granted upon the recommendation of the Board of Bar Examiners after a showing of public convenience and necessity and in the private sector where a case of extreme hardship is shown, provided the applicant has taken and passed the Multistate Professional Responsibility Examination. All applicants for temporary permit to practice law shall file with the Board of Bar Examiners an application for such temporary permit in addition to regular application for admission to the bar examination. The Board shall, as soon as practicable, report its recommendation on such application for temporary permit to the Supreme Court, together with a copy of such application.

RULE TEN

Expiration Of Temporary Permit

The temporary permit of any person who takes the bar examination shall expire on the date that the successful applicants at that examination are sworn in provided that the temporary permit of any person who fails the bar examination shall be revoked effective immediately upon the announcement of the results of such bar examination by the Administrative Director of the Board of Bar Examiners.

RULE ELEVEN

Hearing As To Fitness

Section 1. If the Board of Bar Examiners decides to deny an application to take the bar examination or to deny an application for admission to practice law on any ground except failure to pass the bar examination, written Notice of Denial shall be mailed to the applicant citing the Rule upon which the denial is based. The Notice of Denial must adequately inform the applicant of the nature of the evidence upon which the denial is based. The Notice of Denial may be modified by the Board prior to any hearing on the denial as long as the applicant has sufficient notice. Subject to the foregoing, the Notice of Denial places in issue all matters that may relate, directly or indirectly, to the applicant's eligibility to practice law in the State of Oklahoma.

Section 2. The Board of Bar Examiners shall have the power to order a hearing on its own motion before making a decision on any application. Written notice of such a hearing shall be given to the applicant. The hearing procedures set forth in this Rule Eleven shall apply both to hearings ordered by the Board and to hearings requested by an applicant.

Section 3. An applicant, who receives a Notice of Denial without a prior hearing before the Board of Bar Examiners, may take issue with the denial and request a hearing before the Board. The hearing request must be written and shall be delivered to the Board within twenty (20) days after the Notice of Denial was mailed to the applicant. Delivery to the Administrative Director of the Board shall be considered delivery to the Board for purposes of this Rule Eleven.

Section 4. In any hearing conducted under this Rule Eleven, the applicant shall have the right to be represented by counsel and to present evidence. The Board of Bar Examiners may also be represented by counsel. At the request of the applicant or the Board, the Clerk of the Supreme Court of Oklahoma shall issue subpoenas for witnesses and subpoena duces tecum in connection with the hearing. At the hearing, the Board shall administer oaths and affirmations, receive the evidence, and decide on the application.

Section 5. The Board shall furnish a certified court reporter to record the proceedings at hearings under this Rule Eleven. If an applicant desires a transcript of the hearing, the applicant must order the transcript from the court reporter at the applicant's expense, and a copy must be furnished to the Board at the applicant's expense.

Section 6. For hearings held under this Rule Eleven, a quorum shall be five (5) members of the Board of Bar Examiners. The Chairperson or his or her designee shall preside as the hearing officer. The decision on the application must be made by a majority of the Board members present, excluding the Chairperson, who is not a voting member except in the case of a tie vote.

Section 7. The decision of the Board of Bar Examiners following a hearing conducted under this Rule Eleven shall be reduced to written form and mailed to applicant or applicant's counsel. All denial decisions shall include findings of fact and conclusions of law.

Section 8. (a) An applicant whose application is denied by the Board of Bar Examiners following a Rule Eleven hearing, may appeal to the Supreme Court of Oklahoma by filing twelve (12) copies of a Notice of Appeal with the Clerk of the Supreme Court and one copy of a Notice of Appeal with the Board. The Notice of Appeal and cost bond shall be filed by the applicant with the Clerk of the Supreme Court within thirty (30) days after the Board's written decision was mailed to the applicant or his/her counsel. The Notice of Appeal shall set forth the basis for the appeal. Any findings of fact and conclusions of law issued by the Board in connection with the Rule Eleven hearing shall be attached to the Notice of Appeal.

(b) At the same time the Notice of Appeal is filed, the applicant shall also file a good and sufficient cost bond to be approved by the Clerk of the Supreme Court in an amount sufficient to defray the costs of the appeal, including the Rule Eleven hearing transcript.

(c) Within thirty (30) days after the court reporter has advised the applicant and the Board that the transcript of the Rule Eleven hearing is complete, the applicant must file twelve (12) copies of applicant's Brief in Chief in support of applicant's appeal with the Clerk of the Supreme Court and one copy of applicant's Brief in Chief with the Administrative Director of the Board. Within forty (40) days after receipt of the applicant's Brief in Chief the Board must file twelve (12) copies of its Answer Brief with the Clerk of the Supreme Court and send one copy to applicant or applicant's counsel. Within thirty (30) days after receipt of the Board's Answer Brief, the applicant may file twelve (12) copies of a Reply Brief with the Clerk of the Supreme Court.

(d) Once filed with the Clerk of the Supreme Court, the appeal shall be subject to the rules of the Supreme Court of the State of Oklahoma.

Section 9. The burden of establishing eligibility for admission to the Bar of this state, to for registration as a law student, or to take an examination, shall rest on the applicant at all stages of the proceedings.

RULE TWELVE

Independent Investigation

In determining the right of any applicant to admission, the Board of Bar Examiners shall have the power to make such independent investigation and require such additional showing as it may deem proper and it shall take into consideration in determining the right of the applicant to admission, such facts as it may have ascertained in such investigation. Any member of the Board participating in such an investigation of an applicant shall not serve in the adjudicatory capacity concerning the applicant.

RULE THIRTEEN

Denial Under Rule Eleven For Failure To Demonstrate Good Moral Character, 
Due Respect For The Law, And Fitness To Practice Law 
-- Minimum Time Requirement For Reapplication

If the decision by the Board to deny an application is based, in whole or in part, on the failure of the applicant to demonstrate good moral character, due respect for the law, or fitness to practice law, the applicant may not reapply for admission within a period of sixty (60) months next after the date of mailing the initial rejection notice pursuant to Rule 11, §1, unless for good cause shown, a shorter time period is ordered by the Board.

RULE FOURTEEN

Confidentiality Of Records, Investigations And Results

The Board of Bar Examiners shall not disclose the contents of any records which it maintains on an applicant, including but not limited to information obtained by the Board in connection with investigations into the moral character of an applicant, and including the results of any such investigation except as follows:

(a) When the Board deems it necessary to disclose to a third party during the course of an ongoing investigation of an applicant by the Board.

(b) In response to a valid subpoena issued by a court of competent jurisdiction having authority under the laws of the State of Oklahoma to issue and enforce subpoenas.

(c) To an admission authority of a bar association, or committee thereof, either state or federal, of any jurisdiction which exercises disciplinary or investigative authority over attorneys or applicants.

(d) Pursuant to an order of the Oklahoma Supreme Court.

An applicant shall have no right to demand disclosure of complaints submitted to the Board or information obtained by the Board in the course of an investigation unless and until the applicant has received notice from the Board pursuant to Section 1 of Rule 11 that his/her application has been denied. In such event, the applicant shall be entitled to all information in his/her file, used or obtained by the Board, not otherwise privileged, which is relevant to the reasons for the denial of the application.

Reports prepared for the Board by its attorney or by an examiner or associate examiner are privileged and are not required to be disclosed to the applicant or third party without an order from the Supreme Court. The Board shall have the right to voluntarily disclose to the applicant any information in the applicant's file.

Nothing set forth in this Rule shall prohibit the Board from refusing to turn over information it deems imprudent to disclose pursuant to a request under subparagraph (c) above or from making an objection to the disclosure of information pursuant to subparagraphs (b) or (d) above.

In the event the Board of Bar Examiners provides confidential information pursuant to the provisions of subparagraph (b), (c) or (d) above, the Board shall give the applicant or attorney written notice of such action prior to the disclosure of the information by mailing such notice to the applicant's last known address.

RULE FIFTEEN

All rules or regulations governing the subject matter herein covered previously in effect are hereby cancelled, annulled, revoked, and hereafter to be of no force or effect.

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.